IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS A. FURMAN,

    Plaintiff,

vs.   Case No. 4:16cv214-MW/CAS

DR. HIPOLITO MATOS, et al.,

    Defendants.

_____/

## INITIAL SCHEDULING ORDER

Service of the pro se Plaintiff's second amended complaint, ECF No. 12, was directed and has been completed as to three of the five Defendants. Defendants Cherry and Harvey have filed motions to dismiss. ECF Nos. 60 and 67. A ruling will be entered on both motions in due course. Defendant Reimer has filed an answer. ECF No. 71.

Rule 1 of the Federal Rules of Civil Procedure provides for "the just, speedy, and inexpensive determination of every action and proceeding." To accomplish that purpose, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is **ORDERED** as follows:

**(1)  Discovery Period**.  The due date of any discovery[1] requested shall not be later than **June 16, 2017**.

   **(a)**  The conduct of any discovery which would require a later due date shall be permitted only by Court order, although the parties may stipulate "to extend a deadline for responding to a specific discovery request" as long as "the extension does not interfere with . . . completing discovery, submitting or responding to a motion, or trial."  N.D. Fla. Loc. R. 6.1.  The Court must approve any stipulation or request to extend the 100-day discovery period established by this Order.  *Id.*  Such a request will be granted only upon a showing of good cause and diligence.  FED. R. CIV. P. 16(b)(4).  The filing of a motion will not toll the discovery deadline.

   **(b)**  The parties are advised that a second, brief discovery period *may* be provided for trial preparation for those claims which will proceed to trial, upon a showing of diligence during the initial discovery period.  Redundant discovery will not be permitted during a second discovery period.

---

[1] Discovery is the process by which the parties request and obtain information from each other regarding their claims or defenses.  Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedures and should be conducted without the Court's involvement.

Case No. 4:16cv214-MW/CAS

**(2) Rule 26 Requirements**.  Pursuant to FED. R. CIV. P. 26 (a)(1)(B), counsel and the pro se Plaintiff are not required to make initial disclosures or confer to develop a discovery plan pursuant to FED. R. CIV. P. 26(f).  The scope of permissible discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  FED. R. CIV. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*

Costs for any requested discovery shall be borne by the party making the request.[2]  At some point in the future, the parties are advised that they may be directed to "confer to consider the nature and basis of their claims and defenses" and discuss the possibility of a prompt settlement or resolution of the case.

The Court hereby grants Defendants permission to depose Plaintiff pursuant to FED. R. CIV. P. 30(a)(2)(B) and FED. R. CIV. P. 31(a)(2)(B).

**(3) Interrogatories and Requests for Production.**  A party may serve no more than 25 written interrogatories, including all discrete subparts, on any other party.  FED. R. CIV. P. 33(a)(1).  Discovery requests

---

[2] Even litigants granted in forma pauperis status are not entitled to free discovery or to have the Court advance the costs of discovery by placing a lien on an inmate's account.  Easley v. Dep't of Corr., 590 F. App'x 860, 868 (11th Cir. 2014).

or responses <u>shall not be filed</u> unless ordered by the Court, necessary for the determination of a pending motion or issue, or the "material is admitted into evidence at a trial or hearing." See N. D. Fla. Loc. R. 26.1(A).

**(4)  Schedule.**  The following schedule shall apply to this case:

(a)  All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.[3]

(b)  Motions for summary judgment shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by Court Order, not later than **21 days** after the close of discovery.

(c)  Unless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery.

(d)  The Court may dispose of motions without a hearing. N.D. Fla. Loc. R. 7.1 (K).

---

[3] Generally, parties must respond to a discovery request in writing within thirty (30) days. The parties must keep the discovery deadline in mind when serving discovery requests as the responding party must be served *at least* thirty-three (33) days before that deadline to ensure the party has sufficient time in which to respond. Three days are added to the response time when requests are served by mail pursuant to Fed. R. Civ. P. 6(d).

Case No. 4:16cv214-MW/CAS

(5) **<u>Discovery Obligations</u>.** The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If the attorney for Defendants or the pro se Plaintiff cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party; and if consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response shall be filed. Stipulations extending the time for responses to discovery may be made only as authorized by FED. R. CIV. P. 29, Federal Rules of Civil Procedure, and N.D. Fla. Loc. R. 6.1.

(6) **<u>Rule 37 Sanctions</u>.** The parties are advised that if a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party. FED. R. CIV. P. 37. A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Motions to compel must be in compliance with N.D. Fla. Loc. R. 26.1(D).

(7) **<u>Summary Judgment Motions</u>.** Any motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 must include

a memorandum of up to 8,000 words, supporting evidence, and a statement of material facts which the moving party contends is not genuinely disputed. All asserted facts must be supported by pinpoint citations to the record evidence as required by Rule 56(c) and N.D. Fla. Loc. R. 56.1(F). The Court must have sufficient detail to readily locate and check the source. The Court need not "consider record evidence that has not been properly cited." N.D. Fla. Loc. R. 56.1(F).

A summary judgment motion shall be filed no later than **21 days** after the close of discovery. A party opposing a motion for summary judgment shall file a memorandum in response of no more than 8,000 words and any opposing evidence not already in the record." N.D. Fla. Loc. R. 56.1(C).

Motions for summary judgment will be taken under advisement as specified in a subsequent court order. A pro se party will be directed to submit a response to any such motion that is filed and may await the issuance of an order specifically directing the response.

**(8) Amendments**. This Order may be amended by the Court on its own motion or upon motion of any party.

**IT IS FURTHER ORDERED** that the Clerk return this file on the close of discovery, June 16, 2017.

**DONE AND ORDERED** on March 8, 2017.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**