# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

THOMAS A. FURMAN,

    Plaintiff,

vs.                                         Case No. 4:16cv214-MW/CAS

DR. HIPOLITO MATOS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff's second amended complaint named five Defendants: Dr. Hipolito Matos, Ebony O. Harvey, Dr. Daniel Cherry, Dr. Olugbenga Ogunsanwo, and "Pat Doe."  ECF No. 12.  Plaintiff's recent motion for substitution, ECF No. 89, was granted and Dr. Scott Thayer has been named as a Defendant in place of Pat Doe.  ECF No. 98.  At this time, service has not been carried out on either Dr. Matos or Dr. Thayer.

Two motions to dismiss are pending.  First, a motion to dismiss was filed by Defendant Cherry, ECF No. 60, on January 10, 2017.  Defendant Harvey also filed a motion to dismiss, ECF No. 67, on February 13, 2017.

Plaintiff has filed responses in opposition to those motions. ECF Nos. 68, 76. Both of the motions are addressed below.

## A. Motion for Preliminary Injunction

Prior to addressing those motions, however, Plaintiff's motion for a preliminary injunction, ECF No. 96, will be addressed. Plaintiff requests an order which enjoins Defendants "from delaying, impeding, interfering, hindering, obstructing or intentionally, and deliberately denying the plaintiff from receiving the livery biopsy, laparoscopy and treatment for [H]epatitis-C that has been recommended, prescribed and ordered via unanimous decision by the [P]laintiff's multiple tending and treating physicians and specialists." ECF No. 96 at 1. Plaintiff contends that five of his physicians and two additional specialists have "recommended" and "prescribed" treatment "in addition to the treatment regimen 'Harvoni,'" but Plaintiff's motion does not state *what* specific treatment regimen was prescribed or recommended, but not done. Plaintiff discusses treatment recommendations from the C.D.C., *Id.* at 3-5, but he did not identify a specific doctor's recommended treatment that has not been provided to him. Plaintiff's motion also does not state when the doctors ordered the treatment, nor does Plaintiff identify which Defendant denied him treatment

or which of the five named Defendants can appropriately provide him with relief. Plaintiff refers to "Defendants" as a group and does not direct his motion to a particular Defendant.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

>(1) a substantial likelihood of success on the merits;
>
>(2) a substantial threat of irreparable injury unless the injunction issues;
>
>(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
>(4) granting the injunction would not be adverse to the public interest.

<u>Keeton v. Anderson-Wiley</u>, 664 F.3d 865, 868 (11th Cir. 2011); <u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126; <u>United States v. Jefferson Cnty.</u>, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites,

which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

    To properly evaluate Plaintiff's motion, it is necessary to review the factual allegations of Plaintiff's complaint, ECF No. 12, and his challenge to the medical care he received for Hepatitis-C.  Plaintiff alleged that sometime between approximately 2007 through 2009, doctors made numerous recommendations for treatment and for Plaintiff to have a liver biopsy.[1]  Id. at 6-10.  He contends that the Department's health services department was aware of the recommendations but has withheld treatment.  Id. at 10.  However, Plaintiff also alleged that in 2014, Dr. Gaspard took a different course of action than had been recommended by Dr. Koxman and ordered Plaintiff to have a "simple liver enzyme (ALT) test." Id. at 11-12.  Dr. Gaspard stated that treatments for Hepatitis would

---

[1] The second amended complaint alleged that Dr. Bhadja recommended Plaintiff be given a liver biopsy and begin treatment for Hepatitis. ECF No. 12 at 7.  The treatment was not specified and no dates were provided.  Additionally, Plaintiff alleged that Dr. Geecken also recommended a liver biopsy and a treatment regimen, and Dr. Anandjiwalla concurred in that recommendation.  Id.  After Plaintiff was transferred to a different institution, Dr. Poveda recommended a liver biopsy and the start of treatment. Id. at 8.  Dr. Alberti-Flor also recommended Plaintiff start a treatment regimen. Id.  All such recommendations appear to have been made prior to March 30, 2009.  See ECF No. 12 at 8.  An additional recommendation was made for an unspecified treatment regimen by Dr. Kozman.  ECF No. 12 at 9.

not begin unless and until Plaintiff's liver showed signs of deterioration. *Id.* at 11. Plaintiff alleges that other medical treatment and tests have not been provided due to their high costs. *Id.*

The complaint names Dr. Ogunsanwo, the Assistant Secretary of Health Services as a Defendant in his official capacity. Dr. Ogunsanwo is no longer employed by the Department of Corrections and, thus, Thomas Reimers, the current Director of Medical Services, was automatically substituted as a Defendant pursuant to Rule 25(d). ECF Nos. 64-65. Plaintiff also sues Dr. Matos, Dr. Cherry, Ebony Harvey, and Pat Doe as Defendants. *Id.* at 11-12. Plaintiff contends these Defendants have been deliberately indifferent to his medical needs. As relief, Plaintiff seeks injunctive relief which will require the Defendants "to immediately schedule Plaintiff for the recommended liver biopsy, laparoscopy, and the medication 'Harvoni'" to treat his Hepatitis-C virus. *Id.* at 13. Plaintiff also seeks compensatory and punitive damages. *Id.*

As noted above, a motion for preliminary injunction must be denied unless Plaintiff demonstrates all four prerequisites. Siegel, 234 F.3d at 1176. The first prerequisite is that Plaintiff show a substantial likelihood of success on the merits of this case. That is a showing that has not been

made because an Eighth Amendment claim concerning medical care must demonstrate that Defendants were deliberately indifferent to Plaintiff's medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). However, medical malpractice does not constitute deliberate indifference, Estelle, 429 U.S. at 106, 97 S. Ct. at 292, "[n]or does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support" an Eighth Amendment claim. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). The United States Supreme Court explained in Estelle that a prisoner's complaint that more should have been done in the way of diagnosis, such as an X-ray or other tests, was insufficient as a basis for liability under § 1983.

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293. Plaintiff's requests for relief appear to rest primarily on his assertion that he should have received a liver biopsy and Harvoni. Those specific requests for treatment are problematic under

Case No. 4:16cv214-MW/CAS

Estelle.  That is not to say that Plaintiff's claims in this case cannot succeed, but at this stage of the litigation, Plaintiff has not shown a *substantial* likelihood of success on the merits.

There is no need to go further than the first prerequisite "because [Plaintiff] cannot show a substantial likelihood of success on the merits." Pine v. City of West Palm Beach, FL, 762 F.3d 1262, 1268 (11th Cir. 2014).  Plaintiff's motion for a preliminary injunction, ECF No. 96, should be denied.

**B.   Motions to Dismiss**

Defendant Harvey seeks dismissal of the claim against her because her only involvement was in denying "some of Plaintiff's grievances and/or grievance appeals in which he alleged inadequate medical treatment." ECF No. 67 at 2.  Defendant Harvey argues that signing a grievance is insufficient to create liability.  *Id.*

Defendant Cherry seeks dismissal because Plaintiff failed to exhaust administrative remedies, the complaint fails to state a claim, the "monetary damage claims against Dr. Cherry in his official capacity is barred," and Plaintiff has not demonstrated all requirements necessary to obtain preliminary injunctive relief.  ECF No. 60.

Case No. 4:16cv214-MW/CAS

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966). The requirements of Rule 8 do "not unlock the doors of

Case No. 4:16cv214-MW/CAS

discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950. The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. at 1950. If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." Id. If so, a motion to dismiss should be denied. Id., at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Analysis**

Case No. 4:16cv214-MW/CAS

Plaintiff alleged that Defendant Harvey responded to his formal grievances and appeals. ECF No. 12 at 12. Plaintiff alleged that the responses stated that the records were evaluated and investigated, but denied. *Id.* Plaintiff made only a conclusory allegation that Defendant Harvey was "aware of the excessive risk to the plaintiff's life, health and safety." *Id.* Plaintiff alleged no other involvement by Defendant Harvey, and there is no indication that Defendant Harvey is a medical professional. *Id.*; *see also* ECF No. 76.

A claim that a Defendant failed to provide relief to Plaintiff through the grievance procedures is generally not a sufficient basis to state a claim. Such a claim is premised on the concept that one who responds to a grievance acts in a supervisory capacity, and it "is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (quoted in Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct

brought to light by the grievance, even if the grievance is denied." Owens v. Leavins, 5:05cv228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006); Holmes v. Correction Corp. of America, 2011 WL 3490086, at *1 (S.D. Ga. Aug. 9, 2011); Tariq v. Chatman, 2012 WL 3626827, at *1 (M.D. Ga. Aug. 22, 2012). Here, there were no allegations that Defendant Harvey was involved in providing medical care to Plaintiff. Her only involvement was in responding to grievances. Thus, Plaintiff's claim is necessarily based on the premise that Defendant Harvey failed to correct the conduct, inaction, or decisions of other persons. That is the essence of a claim against a supervisor and is insufficient. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Additionally, the claim is insufficient because Plaintiff made only conclusory allegations that Defendant Harvey was "aware of the excessive risk" to his health and safety. Those bare, conclusory allegations are insufficient to state a claim. Iqbal, 556 U.S. at 678, 681, 129 S.Ct. at 1949, 1951. Plaintiff does not provide any specific facts which support finding that Defendant Harvey was aware of a risk of serious harm and

Case No. 4:16cv214-MW/CAS

disregarded that risk in denying his grievances or appeals. Thomas v. Poveda, 518 F. App'x 614, 618 (11th Cir. 2013). Therefore, for all these reasons, the motion to dismiss the complaint as to Defendant Harvey should be granted.

Dr. Cherry's first argument in favor of dismissal is that Plaintiff failed to exhaust administrative remedies. ECF No. 60 at 4-6. Dr. Cherry contends that he is aware of only two informal grievances filed by Plaintiff concerning treatment for Hepatitis-C and contends that Plaintiff did not exhaust all levels of the grievance process. *Id.* at 5.

In response, Plaintiff states that he filed a formal grievance concerning his medical needs on October 2, 2014, and Dr. Cherry responded. ECF No. 68 at 6 (ciing ECF No. 1 at 41-42). He also states that he filed other grievances and appeals, citing to a number of exhibits, *id.,* which were presented with the original complaint. *Id.* at 8-9; *see also* ECF No. 1 at 28. Plaintiff filed a formal grievance on October 18, 2014, ECF No. 1 at 47-48, which was denied on November 5, 2014. *Id.* at 49. He then filed an appeal, *id.* at 51, which was denied. ECF No. 1 at 52.

The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).  Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (relying on Jones v. Bock).

Plaintiff is housed within the Florida Department of Corrections which has an administrative grievance program, FLA. ADMIN. CODE R. 33-103. Grievances of a medical nature must be presented in a formal grievance and grievance appeal, a two-step process. FLA. ADMIN. CODE R. 33-103.008.  Thus, the rules permit bypassing the informal grievance step. FLA. ADMIN. CODE R. 33-103.006(3).  In this case, Plaintiff has shown that he submitted a formal grievance and an appeal.  Thus, Plaintiff exhausted administrative remedies and this argument should be rejected.

Dr. Cherry also contends this case should be dismissed for failure to state a claim.  ECF No. 60 at 6-10.  Dr. Cherry denies Plaintiff's claim that

he "stood idly by" and denied Plaintiff medical treatment. *Id.* at 6-7. Dr. Cherry relies on two prior cases in which inmates with Hepatitis challenged the medical care provided to them. *Id.* at 7-8. Those cases were resolved against the prisoners on the basis that disagreements with medical care provided is insufficient to state a claim. *See* Loeber v. Andem, 487 F. App'x 548, 549 (11th Cir. 2012) (holding that "Plaintiff's disagreement with the course of treatment employed fails to support an inference that Defendants acted with disregard for the harm posed to Plaintiff by Hepatitis C."); Black v. Alabama Dep't of Corr., 578 F. App'x 794, 796 (11th Cir. 2014) (stating that "[t]o the extent Black contends the defendants should have placed him in the Hepatitis C Treatment Program, a mere disagreement between an inmate and the prison's medical staff as to the course of treatment does not establish deliberate indifference.").

    There are several problems in comparing these cases. Black was decided on summary judgment, not on a motion to dismiss, and the record disclosed that it was "not a case of denied or delayed treatment." Black, 578 F. App'x at 796. "Rather, the record establishes that Black received treatment for his Hepatitis C." *Id.* This case does not contain a record of

Plaintiff's medical care sufficient to determine if Plaintiff merely disagrees with a treatment plan or if he has been denied treatment.

The courts in both <u>Black</u> and <u>Loeber</u> were provided with sufficient information to determine that the prisoners had been provided medical treatment, just not the treatment desired by the prisoners.  <u>Black</u>, 578 F. App'x at 795 (finding that "Black received regular care and monitoring for his Hepatitis C and medication for his symptoms, such as Lactulose to manage his blood ammonia levels."); <u>Loeber</u>, 487 F. App'x at 549 (noting that "Defendants did not ignore Plaintiff's Hepatitis C condition; instead, they chose an alternative treatment—lactulose—to address elevated blood ammonia levels which are a common complication of Hepatitis C.").  In doing so, the <u>Loeber</u> court contrasted its finding with that of <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004), a case in which the Eleventh Circuit reversed and remanded the dismissal of a prisoner's Eighth Amendment claim concerning treatment for hepatitis.  The court found that the defendants "completely withdrew the prescribed treatment" for the prisoner and noted that he was "not receiving any treatment apart from clinic visits, despite his deteriorating condition."  <u>Brown</u>, 387 F.3d at

1351.  It was noted that Brown was "not receiving any treatment apart from clinic visits, despite his deteriorating condition." 387 F.3d at 1351.

At this stage of the litigation, it is unclear whether Plaintiff is receiving any treatment.  Plaintiff alleged that treatment was ordered, ECF No. 12 at ¶14, but he also asserted that treatment was denied.  *Id.* at ¶15.  Furthermore, the vaccine injections Dr. Cherry points to as treatment for Plaintiff appears to have been given prior to March of 2009.  *See* ECF No. 12 at 8.  Plaintiff had an ultrasound on April 9, 2009, *id.,* but he does not allege any further or recent treatment aside from performing blood tests.  ECF No. 12 at 9.  Plaintiff alleged that medical staff were "intentionally and deliberately refusing to treat the plaintiff for his condition and [were] failing to follow their own doctors' orders."  *Id.* at ¶21.  He said that he was being monitored, but alleged that medical staff "fail[ed] to provide treatment when that treatment has been recommended, ordered, or prescribed."  *Id.* at ¶19.  Plaintiff alleged that staff had "failed to carry out said medical orders, failed to act accordingly to the recommendations of their own specialists, failed to administer the medication that was prescribed and ordered, and failed to perform tests that were ordered multiple times by multiple doctors."  *Id.* at ¶30.  Accepting these allegations as true and reading the complaint

liberally as required for a pro se litigant, the complaint asserts that treatment was ordered and not provided. There is no basis upon which this Court can determine that Plaintiff's claim amounts *only* to a mere disagreement as to treatment. The argument that the complaint should be dismissed for failure to state a claim should be denied.

Dr. Cherry also seeks dismissal of the official capacity claim for monetary damages because Defendant is entitled to Eleventh Amendment immunity. ECF No. 60 at 10-11. The Eleventh Amendment provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363, 121 S. Ct. 955, 961 62, 148 L. Ed. 2d 866 (2001). Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.").

Case No. 4:16cv214-MW/CAS

That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same). Thus, Plaintiff's request for monetary damages can proceed only against Dr. Cherry in his individual capacity, not his official capacity. *See* ECF No. 12 at ¶39. The motion to dismiss should be granted as to this argument.

Finally, Dr. Cherry argues that Plaintiff has not shown entitlement to preliminary injunctive relief. ECF No. 60 at 11-12. As noted above, such relief should be denied based on Plaintiff's recent motion. To the degree Plaintiff may be entitled to injunctive relief should he be successful in this case, that should be decided at the conclusion of this litigation and not on a motion to dismiss.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 96, be **DENIED**, that Defendant Harvey's motion to dismiss, ECF No. 67, be **GRANTED**, and that Defendant Cherry's motion to dismiss, ECF No. 60, be **GRANTED** as to the official capacity claim for monetary damages, but otherwise be **DENIED**. It is

Case No. 4:16cv214-MW/CAS

further **RECOMMENDED** that this case be **REMANDED** for further proceedings and Defendant Cherry be required to file an answer to Plaintiff's amended complaint within ten days of the date an order is entered which adopts this Report and Recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on June 22, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv214-MW/CAS