# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

THOMAS A. FURMAN,

        Plaintiff,

v.                                      Case No. 4:16cv214-MW/CAS

DR. HIPOLITO MATOS, et al.,

        Defendants.

_____/

## ORDER ACCEPTING IN PART
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 175, and has also reviewed *de novo* Plaintiff's objections to the report and recommendation, ECF No. 176. Accordingly,

**IT IS ORDERED:**

The report and recommendation is **accepted and adopted in part**, over Plaintiff's objections, as this Court's opinion. The claim against Defendant Matos is **DISMISSED**. Plaintiff's motion for summary judgment, ECF No. 144, is **GRANTED in part** to the extent that Plaintiff has shown there is no genuine dispute of material fact that his constitutional rights were violated. Defendant Rheimers' motion for summary judgment, ECF No. 152, is **GRANTED in part** as to his claim of Eleventh Amendment immunity and Plaintiff's failure to raise a genuine dispute of material fact as to Plaintiff's entitlement to compensatory and punitive damages.

1

Defendant Cherry's motion for summary judgment, ECF No. 154, is **GRANTED in part** as to Plaintiff's failure to raise a dispute of material fact regarding whether Plaintiff is entitled to compensatory and punitive damages.

Notwithstanding that judgment is being entered in Plaintiff's favor concerning the violation of his fundamental constitutional right, Plaintiff is not entitled to an award of compensatory or punitive damages because he has offered no evidence of injury. It is undisputed that his Hepatitis C has been cured. While there may be some residual damage to his liver, for example, there was simply no evidence presented to show any such damage to his liver nor any other physical injury; and to the extent Plaintiff's liver exhibits any continuing abnormality, there is no evidence in the record that it was caused by his Hepatitis C infection. Without such evidence, Plaintiff is not entitled to an award of compensatory or punitive damages. It is also important to recognize that Plaintiff is no longer in the custody of the Florida Department of Corrections and thus declaratory and/or injunctive relief are not appropriate.

Further, although Plaintiff did not request nominal damages in his Second Amended Complaint, ECF No. 12, this Court is ever mindful of this Court's obligation to construe pro se pleadings liberally, and Plaintiff did request all relief this Court determined to be "just and equitable" in his original Complaint, ECF No. 1 at 27, and First Amended Complaint, ECF No. 7 at 36. Because this Court finds

Plaintiff has proven a violation of a fundamental constitutional right, this Court further finds Plaintiff is entitled to nominal damages. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.") *see also Williams v. Brown*, 347 F. App'x 429, 436-37 (11th Cir. 2009) (vacating judgment and remanding case where district court failed to liberally construe pleadings to request nominal damages). One hundred dollars ($100) is an appropriate nominal damages award. *See Quainoo v. City of Huntsville, Ala.*, 611 F. App'x 953, 955 (11th Cir. 2015) (collecting numerous examples of nominal damages awards); *see also Farrar v. Hobby*, 506 U.S. 103, 113 (1992) ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."). Because Defendant Reimers was sued in his official capacity, money damages are only available against Defendant Cherry.

Accordingly, the Clerk shall enter judgment stating, "Summary judgment is granted in part in Plaintiff's favor and against Defendants Cherry and Reimers as to liability, with an award of nominal damages in the amount of $100 against Defendant Cherry. Summary judgment is granted in part in favor of Defendants Cherry and

Reimers as to Plaintiff's claims for compensatory damages, punitive damages, and declaratory or injunctive relief." The Clerk shall also close the file.

**SO ORDERED on September 26, 2019.**

                                             <u>s/Mark E. Walker          </u>
                                             **Chief United States District Judge**